UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| JAMES LEE PHILLIPS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 1:19-CV-204 |
| RICK LORRISON, BUILDING COMMISSIONER, CITY OF MUNCIE, INDIANA, | ) |
| Defendant. | ) |

**OPINION AND ORDER DISMISSING CASE
AND IMPOSING SANCTIONS ON PLAINTIFF**

This matter is before the Court on the Motion for Judgment on the Pleadings filed by Defendant Rick Lorrison on September 4, 2019 (ECF 19). Plaintiff James Lee Phillips filed a response in opposition to the motion on September 11, 2019 (ECF 21). Defendant chose not to file a reply brief and so the motion is ripe for resolution. For the reasons explained below, **the motion is GRANTED and this case is DISMISSED WITH PREJUDICE for lack of subject-matter jurisdiction**. In addition, as explained below and in this Court's order entered on this same date in the case of *Phillips v. Redkey Town Board*, No. 1:19-CV-280 (N.D. Ind. Oct. 22, 2019), the Court **SANCTIONS Plaintiff James Lee Phillips** for repeatedly filing frivolous cases in this Court.[1]

**DISCUSSION**

James Phillips filed his Complaint in this case on May 8, 2019, and is proceeding *pro se*.

---

[1] The Court imposed the sanctions discussed in this order in the case of *Phillips v. Redkey Town Board*, 1:19-CV-280, in an order entered on this same date. The sanctions are merely reiterated in this order.

A trial court must liberally construe a *pro se* plaintiff's pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Hart v. Amazon.com, Inc.*, 191 F.Supp.3d 809, 816 (N.D. Ill. 2016), *aff'd*, 845 F.3d 802 (7th Cir. 2017) ("Because Plaintiff is proceeding *pro se*, the Court construes his complaint 'liberally' and holds it to a 'less stringent standard than formal pleadings drafted by lawyers.'") (quoting *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)). On the other hand, "a district court should not 'assume the role of advocate for the *pro se* litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (quoting *Parker v. Champion,* 148 F.3d 1219, 1222 (10th Cir.1998), *cert. denied,* 525 U.S. 1151 (1999)).

There is not much in Phillips' Complaint in this case that needs interpretation. His claim against the Defendant is states, in its entirety, as follows: "Order to demolish, remove trash and debris, rotted wood again roof. [Sic] Papers attached." Complaint, p. 2. In his prayer for relief, Phillips asks for the following: "Leave me alone and don't throw me in jail." *Id*., p. 3. That is the extent of Plaintiff's Complaint. Attached to the Complaint are 51 pages of documents. Those documents indicate that Phillips engaged in litigation with the City of Muncie, concerning property he owned in the city, in a state court proceeding 20 years ago. These documents include the following:

1) A copy of a letter to Phillips from the Office of the Indiana Attorney General, dated February 15, 1999, which references a state tort claim that Phillips had filed (ECF 1-1, p. 1);

2) Copies of court orders or judgments in a 1999 state court case in the Muncie City Court, captioned *City of Muncie v. James Phillips*, 18H01-9901-OV-276 (*id*., pp. 2-4);

3) A copy of an undated state Tort Claim Notice purportedly filed by Phillips against the City of

Muncie (*id.*, p. 5);

4) A transcript of a hearing held in the Jay County Superior Court on September 13, 1999, in a case captioned *James L. Phillips v. Jerry Thornburg*, Case No. 38D01-9908-SC-457 (*id.*, pp. 6-13);

5) Copies of certain pages from the state court Chronological Case Summary (docket report) from the Jay County case (*id.*, pp. 14-16);

6) A copy of a "Notice of Unsafe Building Violation Demolition Order," directed to Phillips from the City of Muncie, dated April 29, 2019, and signed by Defendant Lorrison in his capacity as Building Commissioner (along with another City official), which ordered Phillips to demolish his property at 554 W. Wilson Ave. due to the fact that the property was in an impaired and uninhabitable condition, and further advising Phillips that a hearing would be held on the matter "on 4/29/2019 at 3 PM before the Muncie Unsafe Building Hearing Authority[.]" (*id.*, 17-18)[2];

7) A 24-page, handwritten recitation by Phillips, which is most accurately described as rambling and the relevancy of which is impossible to discern (*id.*, pp. 19-42);

8) A copy of an internal legal memorandum, dated January 31, 2000, written by an associate from a law firm, which apparently relates somehow to the state Tort Claim that Phillips filed against the City of Muncie (*id.*, pp. 43-46);

9) A copy of the second page of a two-page letter to Phillips, also dated January 31, 2000, from a law firm called Allen Wellmand McNeww, explaining that the firm was "conclud[ing] our representation of you in this matter." (*id.*, p. 47); and

---

[2] It is not clear why this Notice is dated April 29, 2019, while also stating in the body of the letter that the hearing in that matter was scheduled for that same date (perhaps the Notice was delivered at the hearing). This is not a relevant point, however.

10) Four more pages of handwritten recitation from Phillips, with a photograph of a house and a handwritten notation stating: "This is the house that they tore down in 1999." (*id*., pp. 48-51).

Phillips' Complaint was quoted in its entirety above, so it doesn't provide any explanation at all about the purported or intended relevancy of any of Phillips' attachments. The only thing that is clear from all of this is that Phillips is complaining about a long-standing feud with the City of Muncie, going back 20 years, over property he owns in the City, and takes issue with the City's apparent latest attempt–i.e., the April 2019 Notice–to order him to repair or demolish the residence in question. Applying a most liberal standard of interpretation to Phillips' Complaint, the Court concludes that he is attempting to bring a federal lawsuit complaining about a 20-year-old state court proceeding or a recent municipal proceeding involving the City of Muncie's ordinance violation notice or both. None of that kerfuffle gives rise to any discernable claim in this Court or invokes this Court's very limited subject-matter jurisdiction.

**1. Defendant's motion for judgment on the pleadings.**

Lorrison brought his motion to dismiss as one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). He states as follows in his motion:

> The Plaintiff's Complaint fails to set forth plausible claims upon which relief may be granted according to the federal pleading standard articulated by the United States Supreme Court in *Ashcroft v. Iqbal*; fails to identify any specific facts to demonstrate he has been prejudiced by one or more of the grounds required; is vague and ambiguous; lacks subject matter jurisdiction; and does not allege facts supporting a claim.

Motion to Dismiss, p. 1. Lorrison filed a brief in support of his motion and argues that Phillips' Complaint fails to state a viable claim for a host of reasons–but all of those reasons relate to the merits (or rather, lack thereof) of Phillips' claim. For example, Lorrison argues that Phillips has

no federal cause of action because he "makes no statement of violation of any statutory or constitutional right . . ."; that Phillips "has failed to exhaust his administrative remedies . . ."; and "failed to allege or present any evidence in his filing that he went first to the City of Muncie Unsafe Building Hearing Authority on this claim, as required under Indiana Code." Brief in Support, pp. 2-3. In addition, Lorrison contends that "Phillips failed to meet the requirements under the statute of limitations for Federal civil causes of actions [sic] and the State of Indiana civil causes of actions [sic]." *Id*., p. 3. Lorrison also makes the rather ambiguous argument that this case must be dismissed because the Complaint "does not identify any specific facts to demonstrate [that Phillips] has been prejudiced by one or more of the grounds as required under Federal or State laws[.]" *Id*. The Court presumes this sentence is Lorrison's attempt to argue that Phillips' Complaint fails to establish one or more of the elements of his claim (whatever that may be). But the dispositive issue here is not the sufficiency of Phillips' Complaint under the standard of review for a motion under 12(c) or 12(b)(6), which is what Lorrison argues in his motion and brief. Instead, the dispositive issue is whether Phillips' Complaint invokes this Court's jurisdiction in the first place, which it does not. Lorrison eventually raises this issue in the following somewhat confusingly worded paragraph:

> Plainly speaking, Plaintiff fails to bring any actionable claim where he has been deprived of any right, privilege, or immunities secured by the United States Constitution and laws by a person acting under color of State of Indiana law. Whatever can be deemed [sic] from Plaintiff's Complaint, he still fails to show where there is subject matter jurisdiction. There are neither a United States Constitutional nor a State of Indiana Constitutional right that has been violated.

*Id*., p. 6. Regardless of how it's stated, Lorrison is correct that Phillips "fails to show where there is subject matter jurisdiction." That is the threshold and dispositive issue: whether Phillips'

Complaint, when liberally construed and interpreted in his favor, states a claim over which this Court has jurisdiction. Since it does not, and the Complaint must be dismissed for that reason, the Court need not address the majority of the arguments presented by Lorrison, given that they challenge the merits of Phillips' claim.

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Ill. v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998). And because subject-matter jurisdiction is a threshold issue, "a district court's obligation to review its own jurisdiction is a matter that must be raised *sua sponte*[.]" *Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989). It is the duty of the Court to review its jurisdiction over the matter before it may examine the merits of the case, regardless of whether the issue is raised by the parties. *Id*. When considering whether subject-matter jurisdiction exists, the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the Plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003); *see also Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) ("The law is clear that when considering a motion that launches a factual attack against jurisdiction, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."). The plaintiff has the burden to establish jurisdiction by competent proof. *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999). In addition to any jurisdictional allegations, the court may consider any evidence in the record that may help determine whether there is subject-matter jurisdiction. *Id.* In the event that a court concludes that subject-matter jurisdiction does not exist, "the court must dismiss the complaint in its entirety"

without examining the merits of the case. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Once jurisdiction over a case is determined to be absent, the only course is to note the absence of jurisdiction and dismiss the case on that ground. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

Not only does Phillips' Complaint fail on its face to invoke this Court's subject-matter jurisdiction, but if the "claim" he is trying to assert is actually a complaint about or challenge to an adverse ruling or adverse proceeding against him in state court, that claim would also fail to invoke this Court's jurisdiction because of the *Rooker-Feldman* doctrine. This Court has explained the *Rooker-Feldman* doctrine to Phillips in previous orders, most recently in the order entered on this same date in *Phillips v. Redkey Town Board*.

Under the *Rooker-Feldman* doctrine, this Court has no subject matter jurisdiction to review the judgment of a state court. This doctrine derives from two Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and "precludes lower federal court jurisdiction over claims seeking review of state court judgments." *Clark v. Hale*, 2013 WL 4787916, at *1 (N.D. Ind. Sept. 9, 2013) (quoting *Remer v. Burlington Area School Dist.*, 205 F.3d 990, 996 (7th Cir. 2000)). As another district court explained, "cases brought by state-court losers complaining of injuries caused by state-court judgments" are not reviewable in federal court. *Harrison v. Moultrie Cty., Illinois*, 2019 WL 2171886, at *1 (7th Cir. May 20, 2019) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "In civil litigation only the Supreme Court of the United States may review the final decision of a state court. 28 U.S.C. § 1257. The *Rooker-Feldman* doctrine requires district courts to dismiss, for lack of jurisdiction,

7

any request for federal review of a state court's decision[.]" *Cobbs v. Chiapete*, 2019 WL 2157417, at *1 (7th Cir. May 17, 2019). "For the most part, litigants who feel that a state court proceeding has violated their federal rights must assert those rights in state court and then appeal that decision through the state court system and, as appropriate, to the United States Supreme Court." *Carter v. Reich*, 2019 WL 2103425, at *2 (W.D. Wis. May 14, 2019).

Because Phillips' Complaint, even when liberally construed, fails to invoke this Court's subject-matter jurisdiction, it must be dismissed. Accordingly, Defendant Lorrison's motion for judgment on the pleadings is interpreted by the Court as also being a motion to dismiss for lack of subject-matter jurisdiction and grants the motion.[3] Even if Lorrison's motion was not intended to challenge Phillips' Complaint under Rule 12(b)(1), this Court, of course, as the authority to dismiss Phillips' lawsuit *sua sponte*. *Ricketts*, 874 F.2d at 1181; s*ee also, Depuy Synthes Sales, Inc. v. OrthoLA, Inc.*, 2019 WL 4305739, at *5 (S.D. Ind. Sept. 11, 2019) ("A Rule 12(b)(1) motion may be raised at any time, by either party or by the Court *sua sponte*.") (citing Fed.R.Civ P. 12(h)). The precise procedural mechanism is not important, so long as the case is dismissed since the Court has no jurisdiction to entertain it.

---

[3] Phillips' "response" to the Defendant's motion to dismiss states, in its entirety, as follows: "I don't want case dismissed on this cause on Page 10 says once we have that ruling then we'll start discovery. Do you understand I don't want to be responsible to pay [Defendant's] attorney fees I want the pretrial conference to be part of discovery and all my evidence to be at trial. Thank you and God bless you." Letter to Court in Response to Motion to Dismiss (ECF 21) (verbatim). Phillips is referring to the fact that Magistrate Judge Collins, at the Rule 16 preliminary pretrial conference in this case held on July 23, 2019, stayed the discovery phase in this case pending the resolution of the motion to dismiss. *See* docket entry at ECF 13 ("Court stays discovery pending the filing and ruling of [Defendant's] dispositive motion. Rule 16 Preliminary Pretrial Conference to be reset, if necessary."). Phillips' argument in opposition, then, is that he does not want the case dismissed because he wants it to proceed to discovery.

**2. Imposition of sanctions against Plaintiff James L. Phillips.**

Defendant Lorrison, as the Building Commissioner for the City of Muncie, became the latest target of one of Phillips' frivolous and vexatious lawsuits. As the Court discussed in detail in its order in case number 1:19-CV-280, Phillips has a very long history of filing frivolous lawsuits in this Court, and this is another example. In that order, the Court explained as follows:

> James Phillips has filed numerous lawsuits in this Court over the course of many years. In all of them, he has proceeded *pro se*. Many of those lawsuits are duplicative of suits Phillips filed previously, naming the same defendant or defendants and asserting the same claims. In almost every instance, the Court dismissed Phillips' lawsuits because they were legally frivolous, failed to state a claim upon which relief could be granted, or failed to allege any cause of action over which this Court had subject matter jurisdiction. In several instances–this case being one of them–Phillips filed suit against the Town of Redkey, Indiana, where he resides, or the Redkey Town Board (as here), or some agent or representative of the Town of Redkey. In each of those cases, Phillips alleged that the Town of Redkey was liable to him because the Town "stole my land." Several judges of this Court have entered orders attempting to explain to Phillips why his cases are legally frivolous or why they fail to invoke this Court's subject-matter jurisdiction. Despite these attempts, Phillips continues to file case after case in this Court.

Opinion and Order Dismissing Case and Imposing Sanctions Against Plaintiff, *Phillips v. Redkey Town Board*, 1:19-CV-280 (ECF 20), pp. 6-7. And in yet another case, *Phillips v. Town of Redkey*, Case No. 1:17-CV-224, this Court entered the following ruling: "For the reasons discussed below, this case is **DISMISSED WITH PREJUDICE.** Plaintiff **James Phillips is CAUTIONED** that if he continues to file baseless or frivolous lawsuits in this Court he may be subject to sanctions." *Id.*, p. 7 (emphasis in original). The Court also noted in that order that other Judges of this Court have likewise tried to explain to Phillips why his cases were frivolous, failed to state a valid claim, or failed to invoke the Court's subject-matter jurisdiction:

> In [a previous] order dismissing Phillips's case, [Chief Judge Springmann] noted

> that "the Plaintiff has previously filed cases within the Northern District and is currently pursuing two cases. The Plaintiff's most recent cases include *Phillips v. Miller*, 1:17-CV-19 (N.D. Ind. May 17, 2017) (dismissed for lack of jurisdiction); *Phillips v. Clay*, 1:16-CV-349 (N.D. Ind. Nov. 9, 2016) (dismissed by stipulation); *Phillips v. Midstates Concrete*, 1:16-CV-296 (N.D. Ind. Oct. 7, 2016) (dismissed for lack of jurisdiction); *Phillips et. al. v. Jay Randolph Dev. Servs. Inc.*, 1:10-CV-449 (N.D. Ind. Feb. 17, 2017) (dismissed at Plaintiff's request); *Phillips v. Redkey Town Bd.*, 1:17-CV-224 (filed May 22, 2017) . . . ; *Phillips v. Young et. al.*, 1:16-CV-176 (filed May 23, 2016). . . . The Plaintiff also filed eight cases in the 1990s." *Phillips v. Fullenkamp*, No. 1:17-CV-41, Opinion and Order, p. 1, n. 1. It is troubling that Phillips has become a frequent filer of lawsuits, against a host of different defendants and for a host of purported reasons, that lack any basis for subject matter jurisdiction in this Court and which contain incomprehensible allegations and indiscernible "claims." This Court's dockets do not indicate that Phillips has ever been reprimanded or sanctioned for filing frivolous or groundless lawsuits, but he risks that fate if he continues his pattern. In this case, the Court concludes that Phillips's Amended Complaint fails to invoke this Court's subject matter jurisdiction and must therefore be dismissed with prejudice–the same fate he has suffered in several other cases before several other judges of this Court. The Court will refrain at this juncture from sanctioning Phillips, but clearly he needs to be warned that if he continues to file baseless lawsuits in this Court he may be subjected to sanctions, including restrictions on his ability to file lawsuits in this Court and monetary penalties. *See McCready v. eBay, Inc.*, 453 F.3d 882, 892 (7th Cir. 2006). The Court is hopeful that Phillips will heed this warning and the imposition of sanctions will not be necessary.

*Id.*, pp. 3-4, n. 2 (citing and discussing Judge Springmann's Opinion and Order in

*Phillips v. Fullenkamp*, 1:17-CV-41 (ECF 19, Opinion and Order dismissing case, p. 1, n. 1)).

And in yet another case, Judge DeGuilio wrote as follows:

> Even after the Court struck several of Phillips's early filings for failing to seek specific relief . . . , he has flooded the docket with various other papers. The Court has reviewed all of them, but apart from the docket entries mentioned above, these papers are filled with unintelligible ramblings that do not appear to seek any kind of relief.

*Phillips v. Young, et al.* 1:17-CV-176. These are just a few examples of the many frivolous

lawsuits Phillips has filed in this Court over the course of more than 20 years. Phillips has been

undeterred by the Court's repeated admonishments and has continued to flood the Court with

10

frivolous, baseless and vexatious lawsuits.

For those reasons, the Court imposed sanctions against Phillips in case number 1:19-CV-280. Those sanctions, as set forth in the Court's order in that case and reiterated here, are as follows:

1) Whenever James L. Phillips proffers a document for filing, the Clerk shall accept the papers, stamp them "received" (rather than "filed"), and forward them to the undersigned judge for review.

2) The Court will examine any documents tendered by Phillips and determine whether or not they should be filed. The Court will deny leave to file the documents if they are merely duplicative of matters already litigated or currently pending or are legally frivolous.

3) If the Court enters an order denying leave to file the materials, the Clerk shall retain the order and a copy of the materials in a miscellaneous file captioned "In Re: James L. Phillips" and mail a copy of the order to Phillips.

4) If the Court enters an order granting leave to file the materials, the Clerk shall cause the materials to be stamped "filed" as of the date of the order and shall assign the case in the manner provided by local rules. The clerk shall also mail a copy of the order to Phillips.

5) This screening requirement shall not apply to filings in cases already pending in this Court as of this date, nor to filings appealing this order, nor to petitions for a writ of habeas corpus.

6) This Order may be modified as equity requires.

7) This Order shall expire on October 22, 2022, without further order of this Court, but if the Order does not accomplish its intended purpose, the Court may consider modifying or

extending the Order.

8) The Court imposes a monetary sanction against James L. Phillips in the amount of $500.00, to be paid in full to the Clerk of the Court on or before December 22, 2019. This monetary sanction is imposed as a result of Phillips' repeated frivolous filings and to act as a further deterrent to future baseless or vexatious filings by this litigant.
Court Order (ECF 20), *Phillips v. Redkey Town Board*, 1:19-CV-280.

## CONCLUSION

For the reasons explained above, the Defendant's Motion for Judgment on the Pleadings is interpreted as a motion to dismiss pursuant to Rule 12(b)(1) and is hereby GRANTED. This case is DISMISSED WITH PREJUDICE for lack of subject-matter jurisdiction. Plaintiff James L. Phillips is hereby SANCTIONED as set forth above and in this Court's order entered on this same date in the case of *Phillips v. Redkey Town Board*, 1:19-CV-280.[4]


Date: October 22, 2019.

/s/   William C. Lee  
William C. Lee, Judge  
U.S. District Court  
Northern District of Indiana

---

[4] The $500.00 monetary sanction is a one-time penalty imposed in *Phillips v. Redkey Town Board*, 1:19-CV-280. The Court is not imposing that penalty again in this case; it is just reiterated here for the record.